IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOWARD LAWRENCE ELLSWORTH, III, et al., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:23-CV-00710-SDJ-AGD |
| v. | § § | |
| DALLAS TEXAS DEPARTMENT OF VETERAN AFFAIRS, et al., | § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court are Plaintiffs Howard Lawrence Ellsworth, III and Theresa Lynn Ellsworth's Motion for Default Judgment (Dkt. #30), Plaintiffs' Motion to Expedite Rulings (Dkt. #35), and Plaintiffs' Emergency Motion for Expedited Rulings (Dkt. #41). Having reviewed the Motion for Default Judgment, Motion to Expedite Rulings, and Emergency Motion for Expedited Rulings, and all relevant pleadings, the court recommends that Plaintiffs' Motion for Default Judgment be denied, and Plaintiffs' Motion to Expedite Rulings and Emergency Motion for Expedited Rulings be denied as moot.

**BACKGROUND**

On August 8, 2023, Plaintiffs filed their Original Complaint against Dallas, Texas Department of Veteran Affairs, Plano, Texas Department of Veteran Affairs, and the United States of America (collectively, "Defendants") (Dkt. #1). On September 13, 2023, Plaintiffs filed their First Amended Complaint (Dkt. #6). On February 6, 2024, Plaintiffs filed their Second Amended Complaint, the live pleading, alleging Defendants "have committed Medical Malpractice, Fraud,

REPORT AND RECOMMENDATION

Waste, and Abuse, other VA Policy Violations and Falsifying Records and Documents." (Dkt. #26 at pp. 1–2). The allegations stem from treatment Plaintiff Howard Ellsworth, III received from the Department of Veteran Affairs between 2016 and 2020 (Dkt. #26 at p. 3).

On February 8, 2024, two days after Plaintiffs filed their Second Amended Complaint, Defendants filed a Motion for Extension of Time to File an Answer (Dkt. #27). On February 9, 2024, Plaintiffs filed a Motion to Deny Government's Motion for Extension of Time to File Answer or Otherwise Respond to Complaint (Dkt. #28).[1] On February 21, 2024, Plaintiffs filed a Request for Clerk's Entry of Default against Defendants (Dkt. #29). On the same day, Plaintiffs filed a Motion for Default Judgment (Dkt. #30), and the Clerk's Office notified Plaintiffs that it was unable to issue Clerk's Entry of Default (Dkt. #31). Then, on March 3, 2024, the court granted Defendants' Motion for Extension of Time to File an Answer (Dkt. #32). The court's Order extended the Answer deadline to March 7, 2024. On March 5, 2024, Defendants timely filed a Motion to Dismiss Second Amended Complaint (Dkt. #33). On March 6, 2024, Plaintiffs filed a Motion in Opposition to Defendants' Motion for Dismissal (Dkt. #34).[2] Then on March 8, 2024, Plaintiffs filed a Motion to Expedite Rulings regarding their Motion for Default Judgment (Dkt. #35), and on April 5, 2024, Plaintiffs filed an Emergency Motion for Expedited Rulings regarding their Motion for Default Judgment (Dkt. #41).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's

---

[1] The court notes that Plaintiffs should have filed a "Response in Opposition" to Defendants' Motion rather than a separate motion seeking the court's denial of Defendants' Motion. In the future, should Plaintiffs seek to respond to a Motion filed by Defendants, Plaintiffs should file such document as a "Response," not a "Motion."
[2] Again, Plaintiffs filed a Motion in Opposition, which should have been filed as a Response in Opposition.

REPORT AND RECOMMENDATION – Page 2

default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* "In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*, 161 F.3d at 893).

## ANALYSIS

This is not Plaintiffs' first attempt to secure a default judgment against Defendants. After filing Plaintiffs' First Amended Complaint (Dkt. #6), Plaintiffs moved for default judgment (Dkt. #14). The court denied Plaintiffs' Motion for Default Judgment as being premature (Dkt. #17). The court notified Plaintiffs in that order that the proper process for seeking a default judgment is three-fold: "(1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment." (Dkt. #17 at p. 1). The court found that "[r]ather than establishing Defendants' default through affidavit and obtaining the clerk's entry of default against Defendants, Plaintiffs began with the third step in the process—filing a motion for default judgment." (Dkt. #17 at pp. 1–2).

Again, Plaintiffs have not followed the proper procedure for securing a default judgment. Rather, Plaintiffs ignored the prerequisite for starting the default judgment process: default by Defendants. At the time Plaintiffs moved for default judgment, Defendants had a Motion for Extension of Time to File an Answer pending before the court. The court granted this request for an extension, and Defendants filed their Motion to Dismiss prior to the extension deadline (Dkt.

#27; Dkt. #32). Notwithstanding the timeliness of Defendants' responsive pleading, Plaintiffs seek default judgment against Defendants for failure to timely file an answer or other responsive pleading (Dkt. #30 at p. 1). The court notes that default judgments "are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). Because Defendants timely filed an answer or other responsive pleading to Plaintiffs' Second Amended Complaint, the Defendants are not in default, and Plaintiffs' Motion for Default Judgment should be denied.[3]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiffs' Motion for Default Judgment (Dkt. #30) be **DENIED**. The court further recommends that Plaintiffs' Motion to Expedite Rulings (Dkt. #35) and Plaintiffs' Emergency Motion for Expedited Rulings (Dkt. #41) be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[3] It should also be noted that, again, Plaintiffs failed to follow the proper procedural steps for securing a default judgment against Defendants. The court admonished Plaintiffs in an order that there is a three-step process for default judgments (Dkt. #17). Nevertheless, Plaintiffs attempt to obtain a default judgment against Defendants without following the proper steps. Plaintiffs requested entry of default (step one) and moved for default judgment (step three) on the same day. (Dkt. #29; Dkt. #30). Plaintiffs did not wait for the Clerk's entry of default (step two) prior to moving for default judgment. Had Plaintiffs followed the proper procedure, they would not have reached step three because the Clerk did not enter default (Dkt. #31).

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of April, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE